[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14437
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-62491-BB

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

CONSUMER COLLECTION ADVOCATES, CORP.,
a Florida corporation,
MICHAEL ROBERT ETTUS,
individually and as an officer of Consumer Collection Advocates, Corp.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 23, 2016)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Defendants Consumer Collection Advocates, Corp. ("CCA") and Michael Robert Ettus, the sole owner and president of CCA, appeal the district court's grant of summary judgment to the Federal Trade Commission ("FTC"). After review, we affirm.

The FTC brought this enforcement action alleging that the Defendants engaged in deceptive practices in violation of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310. Following discovery, the FTC filed a motion for summary judgment. In compliance with Federal Rule of Civil Procedure 56(a) and (c) and the Southern District of Florida's Local Rule 56.1(a), the FTC supported its summary judgment motion with a statement of undisputed material facts containing citations to parts of the record.

The Defendants filed a response to the summary judgment motion that did not comply with Rule 56(c)(1) in that many factual assertions were not supported by citations to the record. In addition, the Defendants failed to file their own statement of material facts in opposition to, or to controvert, the FTC's statement of facts, as required by the Southern District of Florida's Local Rule 56.1(a).

On September 8, 2015, the district court granted the FTC's motion for summary judgment. Because the Defendants had failed to comply with Rule 56(c) and Local Rule 56.1, the district court deemed admitted the FTC's statement of facts, and found those facts to be "record-backed" and "well-supported." The district court then concluded that the uncontroverted facts, viewed in the light most favorable to the Defendants, established as a matter of law that CCA had violated Section 5(a) of the FTC Act and the Telemarketing Sales Rule, 16 C.F.R. §§ 310.3(a)(2)(iii) and 310.4(a)(3), and that Defendant Ettus "had the requisite knowledge, awareness, and involvement to impose individual liability" for those violations. Thus, the FTC had carried its burden to show it was entitled to judgment as a matter of law against both of the Defendants.

On appeal, the Defendants do not challenge the entry of summary judgment as to CCA. Rather, the Defendants argue only that questions of material fact existed as to whether Defendant Ettus was personally liable for CCA's violations.

After reviewing the record and the parties' briefs, we affirm the district court's entry of summary judgment in favor of the FTC and against Defendant Ettus for the reasons outlined in the district court's thorough September 8, 2015 order. The undisputed facts established that Defendant Ettus participated directly in, and had authority to control, CCA's deceptive practices and that he had some

3

knowledge of those deceptive practices.  See F.T.C. v. IAB Mktg. Assocs., 746 F.3d 1228, 1233 (11th Cir. 2014).

In addition, we conclude that the district court did not abuse its discretion when it deemed the FTC's statement of facts to be admitted for summary judgment purposes.  See Fed. R. Civ. P. 56(e)(2) (providing that the district court may consider a fact undisputed if a party fails to address the assertion of fact as required by Rule 56(c)); S.D. Fla. R. 56.1(b) (providing that the movant's compliant statement of facts is "deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record"); see also Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302-03 (11th Cir. 2009) (concluding the district court did not abuse its discretion in deeming admitted the moving party's statement of facts to which the non-moving party failed to respond in compliance with the Northern District of Georgia's substantially similar Local Rule 56.1).

**AFFIRMED.**